**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

CARLISLE 2010 HISTORIC TAX CREDIT FUND II
LIMITED PARTNERSHIP                                          **PLAINTIFF**

v.                                                **CIVIL ACTION NO. 3:16-cv-424-DPJ-FKB**

REGIONS BANK                                                              **DEFENDANT**

**ANSWER AND AFFIRMATIVE DEFENSES OF REGIONS BANK**

COMES NOW Defendant Regions Bank, an Alabama banking corporation ("Regions" or "Defendant"), by and through undersigned counsel, and files its Answer and Affirmative Defenses to Plaintiff's Complaint [Doc. 1] as follows:

**First Defense**

The Complaint fails to state a claim against Regions upon which relief can be granted and should therefore be dismissed with prejudice.

**Second Defense**

Plaintiff's claims are barred by the applicable statutes of limitations, statutes of repose and/or the doctrine of laches.

**Third Defense**

Plaintiff's claims are barred by the doctrines of unclean hands, laches, estoppel, or waiver.

**Fourth Defense**

Plaintiff is not entitled to a trial by jury.

**Fifth Defense**

Plaintiff's claims should be dismissed pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure for failure to join necessary and indispensable parties under Rule 19.

**Sixth Defense**

Plaintiff lacks standing to assert some or all of the claims made in the Complaint.

**Seventh Defense**

If Plaintiff was damaged, which damages are denied, the damages were proximately caused or contributed to solely by the actions, inactions, wrongs, omissions, misconduct, and/or negligence of Plaintiff or other persons, entities, forces, or things over which Regions had no control and/or for which Regions is not responsible. As to all such persons, including those not named as a party to this litigation, Regions pleads the apportionment and other provisions of Miss. Code Ann. § 85-5-7 and Miss. Code Ann. § 11-7-15.

**Eighth Defense**

Plaintiff was comparatively and/or contributorily negligent, and Plaintiff's recovery and Regions' liability, which is denied, should therefore be barred and/or diminished in proportion to the comparative and/or contributory negligence attributable to Plaintiff.

**Ninth Defense**

Regions would show that any injury or damage allegedly suffered by Plaintiff as a result of the events complained of was caused solely by reason of the conduct of Plaintiff or persons other than Regions, and that all actions of Regions were, in every sense, commercially reasonable, in accordance with prudent and reasonable banking practices, lawful, proper and responsible.

### Tenth Defense

The facts not being fully known at this time, Regions pleads all applicable defenses in Rules 8 and 12 of the Federal Rules of Civil Procedure. Rule 8 defenses include, but are not limited to, accord and satisfaction, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, release, res judicata, waiver, and any other matter constituting an avoidance or affirmative defense. Regions further asserts any additional affirmative defenses that may be justified as additional facts become known, including those defenses set forth in Fed. R. Civ. P. 8 and 12, and hereby reserves the right to amend this Answer to assert any such defense.

### Eleventh Defense

Plaintiff's claims are barred by the doctrine(s) or res judicata and/or collateral estoppel.

### Twelfth Defense

Regions invokes all defenses to which it is entitled, pursuant to the applicable policies, regulations, laws, statutes and authorities.

### Thirteenth Defense

Regions asserts and pleads all applicable conditions, provisions, terms and exclusions of the contracts comprising the modified Construction Loan between Regions and 736 Building Owner, LLC and Oscar De Leon dated October 29, 2010, as the same may be applicable to Plaintiff's claims and Regions' defenses.

### Fourteenth Defense

Plaintiff's Complaint fails to specifically allege any facts, which would warrant the imposition of exemplary or punitive damages. In the event the Court determines this position is incorrect, and decides to permit jury consideration of the issue of punitive damages, then

Regions respectfully invokes the provisions of Miss. Code Ann. §11-1-65, and requests bifurcation of the issues of liability and compensatory damages from the issue of punitive damages as provided by Miss. Code Ann. §11-1-65.

**Fifteenth Defense**

Although denying Plaintiff is entitled to punitive damages or any relief whatsoever against Regions, to the extent Plaintiff seeks exemplary or punitive damages, Regions affirmatively pleads that:

a. An award of punitive damages in this civil action amounts to a deprivation of property without Due Process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution;

b. An award of punitive damages in this civil action violates the Due Process provision of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution;

c. The criteria used for determining whether, and in what amount, punitive damages may be awarded are impermissibly vague, imprecise and inconsistent and therefore in violation of the Due Process provisions of the Fifth and Fourteenth Amendments to the United States Constitution;

d. An award of punitive damages in this civil action amounts to an excessive fine in violation of the Eighth Amendment to the United States Constitution and of Section 28 of the Mississippi Constitution;

e. An award of punitive damages in this civil action violates the Equal Protection provisions of the Fourteenth Amendment in that such a sanction is discriminatory and arbitrary in penalizing underwriters on the basis of assets;

f. To the extent that Regions is subjected to a criminal sanction through punitive damages, the burden of proof required to impose the same should be proved "beyond a reasonable doubt," and punitive damages should not be awarded without affording Regions the full range of criminal procedural safeguards afforded by the Fourth, Fifth and Sixth Amendments to the United States Constitution;

g. An award of punitive damages violates Article 1, Section X of the United States Constitution; and

h. An award of punitive damages in this civil action violates similar and related provisions, as noted above, of the Constitution of the State of Mississippi.

### Sixteenth Defense

Regions specifically reserves, and does not waive, any defect in the Complaint by answering and preserves all objections to deficiencies.

### Seventeenth Defense

Regions reserves the right to amend or otherwise supplement these defenses based on facts revealed during discovery.

### Eighteenth Defense (Answer)

Having asserted its affirmative defenses, Regions responds to Plaintiff's Complaint paragraph by paragraph, in numbered paragraphs that correspond to the paragraphs in the "Complaint," as follows:

### PARTIES

1. Regions is without sufficient knowledge to admit or deny the allegations contained in paragraph 1 of the Complaint and, therefore, denies the same.

2. Admitted.

### VENUE AND JURISDICTION

3. Admitted.

4. Admitted, except to deny that the amount in controversy exceeds $75,000.

5. Admitted.

### FACTS

6. Regions is without sufficient knowledge to admit or deny the allegations contained in paragraph 6 of the Complaint and, therefore, denies the same.

7. Regions admits only that 736 Building Owner, LLC obtained a construction loan from Regions in 2008, which was personally guaranteed by De Leon and Polk and secured by

assets owned by Cytec Software Systems, Inc. The remaining allegations contained in paragraph 7 of the Complaint are denied.

8. All express or implied allegations against Regions contained in paragraph 8 of the Complaint are denied as stated. Regions is without sufficient knowledge to admit or deny the other allegations contained in paragraph 8 of the Complaint and, therefore, denies the same.

9. Regions admits only that it ultimately sold and assigned the modified construction loan to another lender. All remaining allegations contained in paragraph 9 of the Complaint are denied. Regions affirmatively asserts that it complied with the terms of the modified loan and that any financial difficulties that the project suffered were in no way attributable to the actions of Regions and were the sole fault of other parties.

10. Regions admits only that on or about February 27, 2014, Oscar Deleon, 736 Building Owner, LLC, and Cytec Software Systems, Inc., filed a Complaint against Regions related to the modified construction loan, which case was removed to this Court on or about March 18, 2014, as Civil Action No. 3:14-cv-222. Regions expressly denies any and all express and/or implied allegation(s) contained in the last sentence of paragraph 10 of the Complaint. With respect to all other allegations contained in Paragraph 10, Regions is without sufficient knowledge to admit or deny those allegations and, therefore, denies the same.

11. Regions admits only that in or around August, 2015, it produced certain documents, including emails, during discovery in Civil Action No. 3:14-cv-222. Any and all remaining express and/or implied allegations contained in paragraph 11 are denied.

12. All express or implied allegations against Regions contained in paragraph 12 of the Complaint are denied as stated.

13. Denied.

# CLAIMS

## COUNT I: FRAUD AND FRAUDULENT CONCEALMENT

14. Paragraph 14 does not contain any allegations as to Regions. To the extent paragraph 14 contains allegations directed to Regions or calls for a legal conclusion, paragraph 14 is denied.

15. Denied

16. Denied.

17. Denied.

## COUNT II: NEGLIGENT MISREPRESENTATION

18. Paragraph 18 does not contain any allegations as to Regions. To the extent paragraph 18 contains allegations directed to Regions or calls for a legal conclusion, paragraph 18 is denied.

19. Denied.

The last unnumbered paragraph of the Complaint beginning "Wherefore . . . " is denied and Regions denies that Plaintiff is entitled to the relief requested in the Complaint or any relief whatsoever from Regions and demands strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Defendant Regions Bank prays that its Answer and Affirmative Defenses to Plaintiff's Complaint be deemed good and sufficient and that after due proceedings are had, there be a judgment in Regions Bank's favor, with full prejudice and at Plaintiff's costs.

RESPECTFULLY SUBMITTED, this the 29th day of July, 2016.

**REGIONS BANK**

By: /s/ Robert Parrott_____
*One of Its Attorneys*

OF COUNSEL:

C. Phillip Buffington (MSB No. 7035)
G. Robert Parrott, II (MSB No. 103970)
ADAMS AND REESE LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
Telephone: (601) 353-3234
phil.buffington@arlaw.com
robert.parrott@arlaw.com
*Counsel for Regions Bank*

**CERTIFICATE OF SERVICE**

I certify that I have this day caused to be delivered through the ECF filing system a true and correct copy of the above and foregoing document to the clerk of the court and to all counsel of record, including:

>W. Thomas McCraney III (MSB #10171)
>MCCRANEY MONTAGNET QUIN & NOBLE, PLLC
>602 Steed Road, Suite 200
>Ridgeland, Mississippi 39157
>Telephone: (601) 707-5725
>Facsimile: (601) 510-2939
>tmccraney@mmqnlaw.com
>*Counsel for Plaintiff*

DATED this the 29th day of July, 2016.

/s/ Robert Parrott
Robert Parrott (MSB No. 103970)