**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| **CARLISLE 2010 HISTORIC TAX CREDIT FUND II LIMITED PARTNERSHIP** | **PLAINTIFF** |
| **v.** | **CIVIL ACTION NO. 3:16-cv-424-DPJ-FKB** |
| **REGIONS BANK** | **DEFENDANT** |

**DEFENDANT REGIONS BANK'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATION**

COMES NOW, Defendant Regions Bank ("Regions") and files its Response in Opposition to Plaintiff's Motion for Reconsideration [Doc. 63] as follows:

### I.   INTRODUCTION

On September 11, 2017, the Court dismissed this case pursuant to the Final Judgment [Doc. 61] it entered based on the reasons set forth in its Order [Doc. 60] granting Regions' Motion for Summary Judgment. On October 6, 2017, Plaintiff Carlisle 2010 Historic Tax Credit Fund II LP ("Carlisle") filed its Motion for Reconsideration (the "Motion"). [Doc. 63].

Carlisle's Motion should be denied because: (1) it is not justified by any intervening change in controlling law; (2) it points to no new evidence that was not previously available; and (3) it sets forth no clear error of law or manifest injustice.

Carlisle's Motion disregards the principles underlying Rule 59(e) by attempting to relitigate Regions' Motion for Summary Judgment. Carlisle's Motion is simply a repackaged version of its Response to Regions' Motion for Summary Judgment. It is well-settled that Rule 59 cannot be used in such a manner. For the reasons set forth herein, Carlisle's Motion for Reconsideration should be denied.

## II.     LEGAL STANDARD

Carlisle does not satisfy much less articulate the high standard it must meet in order to prevail on its Motion for Reconsideration.

Although a motion for reconsideration is not specifically provided for in the Federal Rules of Civil Procedure, a district court may entertain such a motion and treat it as a motion to alter or amend under Rule 59(e).  *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991). The granting of a Rule 59(e) motion "is an extraordinary remedy and should be used sparingly." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  A Rule 59(e) motion "calls into question the correctness of a judgment."  *Independent Coca-Cola Employees' Union of Lake Charles v. Coca-Cola Bottling Company United*, 114 Fed. App'x 137, 143 (5th Cir. 2004).  A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."  *Id*.

A motion under Rule 59(e) is properly granted only when the moving party establishes one of the three possible grounds for reconsideration:

(1) an intervening change in controlling law;

(2) the availability of new evidence not previously available; or

(3) the need to correct a clear error of law or prevent manifest injustice.

*Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. May 11, 1990).

With respect to the third ground, the Court has cautioned "that any litigant considering bringing a motion to reconsider based upon that ground should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Atkins*, 130 F.R.D. at 626.  As the district court observed in *Atkins*:

> [T]he plaintiff in his brief brings forward no matter that could not have been argued before judgment was entered herein.  His brief in support of his motion is

> no more than an expression of a view of the law contrary to that set forth in the Court's opinion. Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.

*Id.* (citing *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977)). A Rule 59(e) motion may not be used to introduce new arguments that could have been raised prior to entry of the judgment. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

### III. ARGUMENT

In order to succeed on its Motion, Carlisle must establish one of the following: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Atkins*, 130 F.R.D. at 626. Carlisle makes no reference to any intervening change in controlling law, points to no new evidence that was not previously available, and sets forth no clear error of law or manifest injustice. Rather, in clear violation of the principles underlying Rule 59(e), Carlisle's Motion merely reargues its Response to Regions' Motion for Summary Judgment in a blatant attempt to hopefully sway the Court. Simply put, Carlisle's Motion fails to set forth any evidence, argument, or authority that could not have been presented or argued before judgment was entered.

**A.    Carlisle Does Not Argue an Intervening Change in Controlling Law.**

Carlisle does not argue that the Court's judgment should be set aside due to an intervening change in controlling law. Therefore, the first possible ground for reconsideration is not present.

**B.    There is No New Evidence.**

Carlisle does not argue the Court's judgment should be set aside because of any new evidence that was not previously available. Therefore, the second possible ground for

reconsideration is not present.

**C.    There is No Clear Error or Manifest Injustice.**

This Court's Judgment and Order granting Regions' Motion for Summary Judgment were properly based on the facts and arguments in the summary judgment record and on well-established law.  In its Motion, Carlisle fails to show any clear error or law or manifest injustice.  Instead, Carlisle's arguments are merely repackaged versions of the same arguments it already raised, or could have raised, in its original response to Regions' Motion for Summary Judgment.  To the extent any new arguments can be gleaned from Carlisle's motion, they are improper for purposes of Rule 59(e) because Carlisle could and should have asserted them in its original response.  *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

The arguments raised in Carlisle's motion will be addressed in turn below.

**1.    First, Carlisle Argues the Court Erred in Deciding as a Matter of Law that Carlisle's Claims "Accrued" Prior to June 6, 2013.**

First, Carlisle argues "[t]he Court erred because the record evidence is in dispute as to whether Carlisle's claims accrued at some unidentified point before June 6, 2013, or whether Carlisle's claims accrued in August, 2015, when Regions' internal loan documents first came to light during discovery in the 736 case." [Doc. 63], Plaintiff's Motion for Reconsideration, at 3.  As a threshold matter, this assignment of error is not proper for purposes of Carlisle's instant Motion because Carlisle advanced this argument in its Response to Regions' Motion for Summary Judgment, and the Court considered and properly rejected this argument in its Order.  *See* [Doc. 48], Plaintiff's Memorandum in Opposition to Regions' Motion for Summary Judgment, at 13-14; [Doc. 60], Order granting Motion for Summary Judgment, at 6-7.  Carlisle's argument does not create a genuine issue of material fact because the uncontroverted record evidence demonstrates De Leon repeatedly communicated his allegations of Regions'

wrongdoing to Carlisle on numerous occasions in 2011 and 2012 and Carlisle and De Leon discussed possible litigation against Regions on multiple occasions in 2012. [Doc. 42], Regions' Motion for Summary Judgment, at Statement of Facts ("SOF") ¶¶ 51-53.

The cases relied upon by Carlisle, *Bullard* and *Sullivan*, are readily distinguishable because there was absolutely no proof in the record in those cases that the respective plaintiffs had any actual or constructive knowledge of the fraud allegedly committed upon them prior to the dates the plaintiffs alleged they learned of their claims. *See Bullard v. Guardian Life Ins. Co. of Am.*, 941 So. 2d 812, 815-16 (Miss. 2006); *Sullivan v. Tullos*, 19 So. 3d 1271, 1272-74 (Miss. 2009). On that basis, the *Sullivan* and *Bullard* Courts held summary judgment was not appropriate because that there was a factual dispute. While Carlisle claims he could not have known of his claims until 2015, unlike *Bullard* and *Sullivan*, there is an abundance of uncontroverted evidence that shows Carlisle became aware of Regions' alleged refusal to further fund in 2011 and discussed possible legal action against Regions with De Leon in 2011 and 2012. Thus, it is undisputed that Carlisle had actual and/or constructive knowledge of his alleged claims in 2011 and 2012, and that he wholly failed to exercise any reasonable due diligence, as required to toll the statute of limitations. *See* Miss. Code Ann. § 15-1-67; *Stephens v. Equitable Life Assur. Socy' of the United States*, 850 So. 2d 78, 84 (Miss. 2003).

Carlisle concludes its first argument by repeating its contention that Regions engaged in an act of concealment by following through with a fake loan closing on October 29, 2010, which Carlisle argues perpetuated a false understanding that Regions would advance additional funds once Carlisle's initial tax credit contribution was exhausted. The undisputed facts in the record show that Regions did in fact close on the loan it committed to and complied with its terms. It has been judicially determined that Regions did not breach the modified loan. Again, Carlisle

already advanced this argument in its Response to Regions' Motion for Summary Judgment, and the Court undoubtedly considered and rejected it.

> **2.  Second, Carlisle Argues the Court Erred in Construing Evidence in Regions' Favor.**

The Court viewed the evidence in a light most favorable to *Carlisle*. [Doc. 60] at 7.  In its Order, the Court specifically stated that it viewed the evidence in a light most favorable to Carlisle and nonetheless came to the conclusion that the undisputed facts did not show Regions took any subsequent affirmative action to conceal Carlisle's claims and that Carlisle failed to point to any evidence demonstrating it acted with due diligence to discover its claims.  *Id.*  The Court properly reached its decision without drawing any inferences in favor of Regions.  It was not necessary for the Court to draw inferences in favor of Regions because the record clearly demonstrates Carlisle became aware that Regions was refusing to further fund in 2011 and discussed possible legal action against Regions with De Leon in 2011 and 2012 due to such refusal.  Still, Carlisle did absolutely nothing to attempt to discover the reason for that refusal or whether it had any claims against Regions as a result of such refusal.  According to De Leon, Carlisle did not want to get involved in litigation with Regions at that time because it was concerned about the cost of the litigation and the effect it would have on the project.  *See* [42-12], Deposition of Oscar De Leon, at 30-31.  Not only does Carlisle fail to offer any explanation for its inaction or failure to investigate, Carlisle has not and cannot point to any evidence showing its inaction was due to some subsequent affirmative act of concealment by Regions.  Carlisle is simply unhappy with the conclusion reached by the Court and this second argument is nothing more than a reiteration of the arguments Carlisle advanced in its Response to Regions' Motion for Summary Judgment.

### 3. Third, Carlisle Argues the Court Erred in Applying § 15-1-49 and § 15-1-67.

The Court did not erroneously apply Miss. Code Ann. §§ 15-1-49 and 15-1-67. The Court properly applied Mississippi's well-established law that in order to toll the limitations period based on a claim of fraudulent concealment under § 15-1-67, the plaintiff has the two-fold obligation to prove: "(1) the defendant[] engaged in some act or conduct of an affirmative nature designed to prevent and which does prevent discovery of a claim, and (2) though plaintiff acted with due diligence in attempting to discovery the claim, they were unable to do so." *Doe v. Roman Catholic Diocese*, 947 So. 2d 983, 987 (Miss. Ct. App. 2006). Neither *Sullivan* nor *Bullard* support Carlisle's argument that the Court erroneously applied §§ 15-1-49 or 15-1-67. *See* [Doc. 63] at 8. Moreover, as discussed above, *Sullivan* and *Bullard* are factually distinguishable. Carlisle fails to demonstrate the Court committed a clear error of law or manifest injustice in applying § 15-1-49 or § 15-1-67.

### 4. Fourth, Carlisle Argues the Court Erred in Determining that Carlisle Failed to Show a "Subsequent Affirmative Act."

Fourth, Carlisle argues the case of *Whitaker v. Limeco Corp.*, 32 So. 3d 429 (Miss. 2010), to support its contention that there is a genuine issue of fact as to whether Regions engaged in a subsequent affirmative act of concealment to prevent Carlisle from discovering its claims. Carlisle advanced the same argument, citing *Whitaker*, in its Response to Regions' Motion for Summary Judgment, and the Court properly rejected it. [Doc. 48] at 14; [Doc. 63] at 7. Thus, this argument is not proper for purposes of Rule 59(e). *See Atkins*, 130 F.R.D. at 626.

Citing *Whitaker*, Carlisle argues he made a sufficient showing of "subsequent agreements and dealings" between it and Regions that evidence a "subsequent affirmative act" sufficient to toll the statute of limitations. Unlike the facts in *Whitaker*, there is no evidence in the record that Regions engaged in an affirmative act designed to prevent Carlisle from discovering its claims

subsequent to the alleged fraudulent act that lies at the heart of Carlisle's claim. The undisputed facts show that Regions committed to a loan in June 2010 and closed on that loan in October 29, 2010. De Leon claims he had a verbal conversation with Regions' loan officer, Mike Dalton, in February 2011, in which Dalton allegedly refused to further advance under the loan without explanation. It is undisputed De Leon communicated Dalton's alleged refusal to Carlisle in 2011 and discussed possible litigation against Regions with Carlisle on multiple occasions throughout 2011 and 2012. Further, it is undisputed that Carlisle did absolutely nothing when faced with De Leon's allegations. For reasons unknown, neither De Leon nor Carlisle ever asked Regions why it refused to advance funds or made additional attempts to get Regions to advance funds. In late 2011, when Carlisle paid Regions the amount to cure 736 Building Owner's default in advance of impending foreclosure, Carlisle still did not seek further inquiry from Regions despite its knowledge of De Leon's allegations of wrongdoing. Nothing in the record evidences that Regions committed a subsequent affirmative act of concealment. On the other hand, the record is replete with evidence that Carlisle knew of De Leon's allegations of wrongdoing by Regions and did absolutely nothing to discover or investigate any claims it may have had against Regions.

    **5.    Fifth, Carlisle Argues the Cases Relied Upon by the Court are Distinguishable and Inapplicable.**

In its last attempt to sway the Court, Carlisle simply rehashes legal arguments it already raised or could have raised in its Response to Regions' Motion for Summary Judgment. A Rule 59(e) motion "is not the proper vehicle for raising or rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Independent Coca-Cola Employees' Union of Lake Charles v. Coca-Cola Bottling Company United*, 114 Fed. App'x 137, 143 (5th Cir. 2004); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999) (A Rule 59(e) motion may not be used to introduce new arguments that could have been

raised prior to entry of the judgment.).

The authorities relied upon by the Court are not rendered inapplicable based on the factual distinctions argued in Carlisle's Motion. The Court did not draw factual analogies between the instant case and the cases it cited in its Order. The Court cited and relied upon the well-established legal principles applicable to the limitations issue in this case. Carlisle fails to explain how the Court committed a clear error of law. The fact that those cases involved different facts does not render the law relied upon by the Court inapplicable in this case. As previously discussed, the cases relied upon by Carlisle – *Sullivan*, *Bullard*, and *Whitaker* – do not change this result.

## IV.   CONCLUSION

For the foregoing reasons, Carlisle's Rule 59(e) Motion should be denied because it is not justified by an intervening change in controlling law, it points to no new evidence that was not previously available, and it sets forth no clear error of law or manifest injustice. Carlisle brings forward no argument that was not, or could not have been, argued before judgment was entered. Carlisle's Motion is an improper use of Rule 59(e) and fails to satisfy the high standard necessary to prevail on such a motion. Therefore, Carlisle's Motion for Reconsideration should be denied.

RESPECTFULLY SUBMITTED, this the 27th day of October, 2017.

**REGIONS BANK**

By:  /s/ Robert Parrott
    *One of Its Attorneys*

OF COUNSEL:

| | |
|---|---|
| C. Phillip Buffington, Jr. (MSB No. 7035) | G. Robert Parrott II (MSB No. 103970) |
| ADAMS AND REESE LLP | ADAMS AND REESE LLP |
| 1018 Highland Colony Parkway, Suite 800 | 701 Poydras Street, Suite 4500 |
| Ridgeland, Mississippi 39157 | New Orleans, Louisiana 70139 |
| Telephone:    601-353-3234 | Telephone:    504-585-0336 |
| Facsimile:    601-355-9708 | Facsimile:    504-553-9776 |
| phil.buffington@arlaw.com | robert.parrott@arlaw.com |

## **CERTIFICATE OF SERVICE**

I certify that I have this day caused to be delivered through the ECF filing system a true and correct copy of the above and foregoing document to the clerk of the court and to all counsel of record, including:

> W. Thomas McCraney III (MSB #10171)
> MCCRANEY MONTAGNET QUIN & NOBLE, PLLC
> 602 Steed Road, Suite 200
> Ridgeland, Mississippi 39157
> Telephone: (601) 707-5725
> Facsimile: (601) 510-2939
> tmccraney@mmqnlaw.com
> *Counsel for Plaintiff*

DATED this the 27th day of October, 2017.

/s/ Robert Parrott
Robert Parrott (MSB No. 103970)