# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

CARLISLE 2010 HISTORIC TAX CREDIT FUND II
LIMITED PARTNERSHIP                                                        PLAINTIFF

VS.                                            CIVIL ACTION NO. 3:16-cv-424-DPJ-FKB

REGIONS BANK                                                     DEFENDANT

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION

Plaintiff Carlisle 2010 Historic Tax Credit Fund II Limited Partnership ("Carlisle") hereby files this Reply in Support of its Motion for Reconsideration, as follows:

### I.    INTRODUCTION

In its Response to Carlisle's Motion, Regions argues that the Court correctly applied Mississippi's "well-established" law in dismissing this case as untimely under Miss. Code Ann. § 15-1-49. *See* Dkt. No. 65 at pg. 7. However, Regions does not cite a single case which supports this Court's application of Mississippi law. Whether Carlisle's claims are time-barred turns on factual determinations as to what Carlisle knew or should have known about Regions' fraudulent scheme and when. According to the Mississippi Supreme Court, such factual determinations should be made by the jury, not the Court. *See Bullard v. Guardian Life Ins. Co. of America*, 941 So. 2d 812, 815 (Miss. 2006)(*en banc*); *Sullivan v. Tullos*, 19 So.3d 1271 (Miss. 2009); and *Whitaker v. Limeco Corp.*, 32 So.3d 429 (Miss. 2010). The Court committed manifest error by misapplying Mississippi law and failing to construe the record evidence in a light most favorable to Carlisle.

## II. ARGUMENT

Attempting to distinguish *Bullard* and *Sullivan*, Regions weakly argues that, unlike Carlisle, the plaintiffs in those cases lacked actual or constructive knowledge of the fraud allegedly committed upon them prior to the dates of discovery. *See* Dkt. No. 65 at pg. 5. Regions is simply wrong. Viewed in a light most favorable to Carlisle, the record evidence supports an inference that Carlisle likewise lacked actual or constructive knowledge of Regions' fraudulent scheme until the date of discovery in August, 2015.

The fraudulent scheme at issue is that Regions never intended to fund the loan that it committed to on June 15, 2010, and subsequently closed on October 29, 2010. Regions argues that the Court correctly found that Carlisle knew or should have known about the fraudulent scheme at some point before June 6, 2013, simply because Carlisle had prior discussions with Deleon about "*his* allegations of Regions' wrongdoing. . .." *Id.* at pgs. 4-5 (emphasis added). There is no evidence whatsoever that these discussions involved or pointed to any potential fraud on Regions' part against Carlisle.[1] Yet, this is the inference that the Court drew in Regions' favor in order to make a factual determination as to when the statute of limitations began to run on Carlisle's fraud claims. With all due respect, it is for the jury, not this Court, to determine whether any alleged discussions about "wrongdoing" should have aroused suspicions on Carlisle's part that Regions never intended to fund this loan from the outset.

Attempting to distinguish *Whitaker*, Regions weakly argues that it closed a real loan, and therefore, the closing was not an act (or subsequent act) of concealment in furtherance of the fraudulent scheme. *See* Dkt. No. 65 at pgs. 5; 7-8. Once again, Regions is simply wrong.

---

[1] It should be emphasized once again that Deleon did not assert a claim for deceit against Regions in the 736 Action.

2

In its Order, the Court correctly found that there is a genuine issue of material fact as to whether Regions never intended to fund this loan. *See* Dkt. 60 at pg. 7. It is likewise for the jury to decide whether the closing perpetuated a false impression that Regions intended to fund the loan and thereby concealed Regions' true intentions which were memorialized in its internal documents.

Regions again asks this Court to draw inferences in its favor by suggesting that Carlisle should have sought "further inquiry" from Regions when it refused Deleon's draw request in 2011. *Id.* at pg. 8. However, as in *Whitaker*, the evidence supports a competing inference that, although Carlisle was aware of Regions' refusal (many months after the fact), what Carlisle did not know and could not have discovered until August, 2015, was that Regions never intended to fund this loan. According to the Mississippi Supreme Court, the jury should determine whether Carlisle used reasonable diligence and whether any "further inquiry" of Regions would have made any difference under the circumstances. *See Whitaker*, 32 So. 3d at 436. Because Regions continues to maintain that this was a real loan and that it refused Deleon's draw request for legitimate reasons, it is reasonable to infer that any "further inquiry" from Carlisle in 2011 or 2012 would not have uncovered the fraudulent scheme at that time.

### III. CONCLUSION

For the foregoing reasons, Carlisle respectfully requests that the Court reconsider its Order and Final Judgment granting Regions' Motion for Summary Judgment.

3

RESPECTFULLY SUBMITTED this the 3rd day of November, 2017.

        **CARLISLE 2010 HISTORIC TAX CREDIT FUND II LIMITED PARTNERSHIP**

        By: */s/ W. Thomas McCraney, III*
        W. Thomas McCraney, III (MSB#10171)
        *Attorney for Carlisle 2010 Historic Tax*
        *Credit Fund II Limited Partnership*

OF COUNSEL:

MCCRANEY, MONTAGNET QUIN & NOBLE, PLLC
602 Steed Road, Suite 200
Ridgeland, Mississippi 39157
Telephone:   (601) 707-5725
Facsimile:    (601) 510-2939

## CERTIFICATE OF SERVICE

I, W. Thomas McCraney, III, Esq., attorney for Carlisle 2010 Historic Tax Credit Fund II Limited Partnership, do hereby certify that I have this date served via the ECF online filing system, a true and correct copy of the foregoing document, which sent electronic notification of this document's filing to all counsel of record.

This the 3rd day of November, 2017.

        */s/ W. Thomas McCraney, III*
        W. Thomas McCraney, III