UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| CARLISLE 2010 HISTORIC TAX CREDIT FUND II LIMITED PARTNERSHIP | PLAINTIFF |
| V. | CIVIL ACTION NO. 3:16-CV-424-DPJ-FKB |
| REGIONS BANK | DEFENDANT |

ORDER

On September 11, 2017, the Court granted Defendant Regions Bank's Motion for Summary Judgment in this fraud case, finding Plaintiff Carlisle 2010 Historic Tax Credit Fund II Limited Partnership's claims time-barred. Order [60]. Carlisle now asks the Court to reconsider its ruling and set its claims for a jury trial. Because Carlisle's motion raises new arguments not properly made on a motion for reconsideration, Carlisle's Motion for Reconsideration [62] is denied.

I. Facts and Procedural History

The facts of the case are more fully set out in the Court's Order [60] granting Regions' Motion for Summary Judgment. Relevant here, in 2010, Carlisle agreed to help fund the Dickies Building project in Jackson, Mississippi, in exchange for certain tax credits the building would receive. At the same time, following an initial loan of $2 million, Regions provided a written commitment letter to the owner of the Dickies Building for a modified loan of up to $2.4 million to help complete renovations. "Regions considered Carlisle's involvement as a tax-credit investor part of the plan to get the Dickies Building project completed. Regions also understood that Carlisle's participation in the project depended on Regions' commitment of an additional $400,000 to the project." Order [60] at 2–3.

Regions never advanced any additional money toward the project, and "the evidence—when viewed in [the] light most favorable to Carlisle—suggests that Regions never intended to fund the loan." *Id.* at 7. That said, Carlisle first became aware of Regions' refusal to fund the loan no later than 2012. *See* Pl.'s Resp. [47] ¶ 45 ("Carlisle does not dispute that at some point in 2011 or 2012, it was learned from [a Dickies Building owner] that Regions was refusing to advance any funds on the modified loan."). On that basis, and because it concluded Carlisle had not offered proof to create a question of fact on either element of the fraudulent-concealment test, the Court ruled that Carlisle's fraud claims—filed in June 2016—were time-barred. Carlisle now asks the Court to reconsider that decision, asserting "that the Court committed plain error by misapplying Mississippi law and failing to construe the evidence in a light most favorable to Carlisle." Pl.'s Mem. [63] at 1–2. The Court held a hearing on the motion on May 15, 2018, and invited limited supplemental briefing.

II.     Standard

Carlisle filed its motion under Federal Rule of Civil Procedure 59(e), which provides for a motion "to alter or amend a judgment." Fed. R. Civ. P. 59(e). "A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 479. "Rather, Rule 59(e) serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (citation and quotation marks omitted). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* When faced with a motion to reconsider, the Court must "strike the proper

balance between [two] competing interests": "1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts." *Id.* (citing *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), *overruled on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1068 (5th Cir. 1994)).

III.  Analysis

The thrust of Carlisle's motion for reconsideration is that the Court got it wrong when it concluded that Carlisle's claims were time-barred. To put Carlisle's current arguments in context, the Court reviewed Regions' summary-judgment motion and Carlisle's response.

In that original motion, Regions argued that the June 2016 Complaint was time barred because "[t]he undisputed facts show that Carlisle knew or should have known of its alleged claims as early as 2011 and no later than 2012." Def.'s Mem. [43] at 2. Regions also said there was no evidence of fraudulent concealment and urged the Court to dismiss the suit. *Id.* at 9–10.

Carlisle responded to Regions' time-bar argument with the following four-paragraph argument:

> Regions argues that Carlisle's claims are time barred by the three (3) year statute of limitations set forth in Miss. Code Ann. § 15-1-49. Regions argues that Carlisle's claims accrued in 2011 or 2012 when Carlisle became aware that Regions was refusing to advance additional funds on the Modified loan and had to be asserted in 2015 at the latest. The Court should reject this argument because there are genuine issues of material fact as to when Carlisle's claims accrued and whether Regions' fraudulent concealment tolls the statute of limitations per Miss. Code Ann. § 15-1-67.
>
> Under Mississippi law, the statute of limitations on a fraudulently concealed cause of action is tolled until discovery. *See* Miss. Code Ann. § 15-1-67. Here, Regions fraudulently misrepresented that it was committing "new money" to this project, when in fact the bank had placed an undisclosed "no funding" restriction on the Modified loan to ensure that no additional funds would be advanced. This undisclosed restriction was buried deep within Regions' internal loan documents and concealed from Carlisle.
>
> Although Carlisle was generally aware that Regions had not advanced any additional loan proceeds by 2012, neither Carlisle (nor [its business partner Oscar]

> Deleon) knew the real reason for this until Regions' internal documents came to light in August, 2015 in [another legal action]. Carlisle certainly did not know and could not have discovered through ordinary diligence that Regions' actual intentions were the exact opposite of its representations. Regions does not explain how Carlisle could have possibly discovered Regions' true intentions at some earlier point in time. In fact, Regions is still perpetrating the deception by maintaining that, despite what its loan history reveals, it would have honored its commitment but for the fact that Deleon did not submit a "proper" draw request and the loan was in default. Although the fraud became apparent after Regions' document production in [another legal action], Carlisle had no reason before then to suspect that Regions' refusal to advance funds was based on an undisclosed "cap" that made this a shame loan from the outset.
>
> Whether Regions affirmatively concealed its true intentions and whether Carlisle could have somehow discovered the truth sooner are simply questions of fact for the jury. *See Whitaker v. Limeco Corp.*, 32 So. 3d 429, 437 (Miss. 2010) (stating that whether a cause of action was affirmatively concealed and whether the plaintiff exercised due diligence to discover its existence are "both questions of fact, not law, which should be left to a jury for determination."). If the disputed evidence is viewed in Carlisle's favor, as it must be, then the Court should reject the argument that Carlisle's claims are untimely as a matter of law.

Pl.'s Mem. [48] at 13–14.

Carlisle offers no new evidence or any change in the law. But it says the Court erred when it (1) determined the accrual date; (2) rejected the fraudulent-concealment theory; and (3) found no evidence of due diligence.

A.    Accrual Date

In the fact section of Carlisle's summary-judgment response, it contends that it first learned of the alleged fraud in 2015, which would be within the statutory window. *See* Pl.'s Mem. [48] at 5. But Carlisle never addressed Regions' legal authority or its contention that "a cause of action for deceit accrues upon the completion of the sale induced by such false representation, or upon the consummation of the fraud." Def.'s Mem. [43] at 9 (quoting *Archer v. Nissan Motor Acceptance Corp.*, 550 F.3d 506, 509 (5th Cir. 2008) (citation omitted)). Instead, Carlisle focused its legal argument on the fraudulent-concealment doctrine and merely said as to accrual: "The Court should reject this argument because there are genuine issues of

4

material fact as to when Carlisle's claims accrued." Pl.'s Mem. [48] at 13. Such arguments fall short under Rule 56(c). *See TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002) (holding that conclusory assertions are insufficient to avoid summary judgment).

Carlisle now says the Court erred by disregarding a fact question as to when its claims accrued. To make that point, Carlisle cites *Bullard v. Guardian Life Insurance Co. of America*, 941 So. 2d 812 (Miss. 2006) (en banc) and *Sullivan v. Tullos*, 19 So. 3d 1271 (Miss. 2009). On that authority, Carlisle says fraud claims "do[] not accrue until the plaintiff has knowledge of being involved in an alleged fraudulent scheme and having suffered damages as a result thereof." Pl.'s Mem. [63] at 3.

It is too late to make new arguments. Carlisle never cited *Bullard* or *Sullivan* in its summary-judgment response and offered no legal analysis rebutting Regions' authority. Carlisle could have done so in its pre-judgment brief, and it has not offered a valid explanation for failing to do so. A motion under Rule 59(e) is not the appropriate vehicle for asserting a new argument. *Templet*, 367 F.3d at 479.[1]

B. Fraudulent Concealment

Carlisle also raises new arguments regarding fraudulent concealment. As a refresher, a plaintiff asserting fraudulent concealment must "demonstrate that (1) some affirmative act or conduct was done and prevented discovery of a claim, and (2) due diligence was performed on [its] part to discover it." *Stephens v. Equitable Life Assurance Soc'y of U.S.*, 850 So. 2d 78, 84

---

[1] Because the argument was never raised, the Court will not address its merit. That said, neither *Bullard* nor *Sullivan* appear to reverse Mississippi law that "[c]auses of action accrue upon discovery of the injury, *not discovery of the injury and its cause.*" *Am. Optical Corp. v. Estate of Rankin*, 227 So. 3d 1062, 1068 (Miss. 2017) (emphasis in original); *see Alexander v. Wyeth*, 897 F. Supp. 2d 489, 492 n.5 (S.D. Miss. 2012) (applying this accrual rule in the context of fraud claims).

5

(Miss. 2003). As to the first requirement, "Mississippi law is unambiguous: [a p]laintiff[] must prove a subsequent affirmative act of fraudulent concealment to toll the [statute of] limitations." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 463–64 (5th Cir. 2003) (emphasis added).

In its memorandum supporting reconsideration, Carlisle first says "[t]he fraudulent concealment doctrine has little application where, as here, the basis for the fraud claim is concealed from the outset." Pl.'s Mem. [63] at 8. That argument is impossible to square with Carlisle's Complaint and its pre-judgment assertion that "[t]he Court should reject [the time-bar] argument because there are genuine issues of material fact as to . . . whether Regions' fraudulent concealment tolls the statute of limitations." Pl.'s Mem. [48] at 13. It is too late to raise this new argument, which is doubtful anyway. *See Stephens*, 850 So. 2d at 84.

Carlisle also raises another new theory in its motion for reconsideration. Carlisle says "Regions engaged in an act of concealment by following through with a fake loan closing on October 29, 2010, which perpetuated a false understanding that Regions would advance additional funds once Carlisle's initial tax credit contribution was exhausted." Pl.'s Mem. [63] at 6. In other words, Carlisle now argues that the subsequent act of concealment was the loan closing itself, which it says makes the case just like *Whitaker*, *supra*. It therefore faults the Court for "fail[ing] to consider *Whitaker* . . . and its application of [Mississippi Code] § 15-1-67."[2] *Id.* at 8 (citing *Whitaker*, 32 So. 3d 429).

---

[2] That section provides:

If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.

Miss. Code Ann. § 15-1-67.

Carlisle did cite *Whitaker* in its original summary-judgment response, but solely for the benign proposition that "whether a cause of action was affirmatively concealed and whether the plaintiff exercised due diligence to discover its existence are 'both questions of fact, not law, which should be left to a jury for determination.'" Pl.'s Mem. [48] at 14 (quoting *Whitaker*, 32 So. 3d at 437). Carlisle never made the much more specific argument—based on *Whitaker*—that the loan closing was itself a subsequent act of concealment under section 15-1-67 of the Mississippi Code.

Carlisle did, however, criticize the closing, so the question is whether it said enough in its summary-judgment memorandum to put the Court on notice of this argument. It did not. Most notably, Carlisle argued "that Regions issued a sham loan commitment and went through with a sham loan closing for the specific purpose of *inducing* Carlisle to invest money in this project." Pl.'s Mem. [48] at 1 (emphasis added). Carlisle now says the loan was for the specific purpose of *concealing* the alleged fraud and that the Court should have addressed this argument.

Simply put, the Court could not have intuited Carlisle's current argument because it conflicts with its first loan-closing argument. "Inducing" something is not the same as "concealing" it. In fact, "an act cannot be both an act of fraud in the inducement and an act of fraudulent concealment." *Whitaker*, 32 So. 3d at 438. Carlisle never raised—much less pressed—its current position before judgment was entered. *See Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 340 (5th Cir. 2005) (holding that to preserve an issue, a party must "press and not merely intimate the argument"). And, as with its argument on accrual, Carlisle has not provided a reason why its loan-closing argument could not have been raised before. Carlisle's

7

new *Whitaker*-based argument does not provide a proper basis for reconsideration under Rule 59(e). *Templet*, 367 F.3d at 479.[3]

Finally, to complete the record the Court will address the fraudulent-concealment argument Carlisle did make in its summary-judgment response. Regions argued that there was no evidence of any subsequent acts of concealment. Def.'s Mem. [43] at 13. Carlisle was therefore required under Rule 56(c) to come up with evidence to create a question of fact. But in its response, Carlisle argued just one specific example of concealment. According to Carlisle, Regions was "still perpetuating the deception" by arguing that it would have honored the loan but for an improper draw request and the fact that "the loan was in default." Pl.'s Mem. [48] at 14.

Regions did argue in its summary-judgment brief that the draw request was improper and the loan was in default. But that litigation position was not expressed to Carlisle when Regions withheld the funds. Instead, Regions refused to "provid[e] a specific reason" for denying the funds. Pl.'s Mem. [48] at 4; *see also id.* at 11.

If these excuses were never communicated, then they were not subsequent acts of concealment. And Carlisle provided no legal authority for finding that a summary-judgment argument can constitute a subsequent act of concealment under Mississippi law. If that were the rule, there would effectively be no statute of limitations on fraud claims where the defendant defends its actions. Moreover, once Regions was sued for fraud, there was nothing left to conceal. For these reasons, the Court did not consider the argument sufficiently developed to

---

[3] As with the accrual argument, the Court will not address the merits of the new *Whitaker* argument on reconsideration. Having said that, the Court doubts it would change the result because the Regions closing was part and parcel of the initial transaction and was not the type of "subsequent agreements and dealings" *Whitaker* addressed. 32 So. 3d at 438.

address in its September 11 Order. And the same is true now after Carlisle's motion for reconsideration. *See* Pl.'s Mem. [63] at 7–8 (suggesting same argument). Thus, the only specific act Carlisle referenced in response to Regions' fraudulent-concealment argument was not a subsequent act of concealment.

C.  Due Diligence

The Court's summary-judgment Order [60] included an alternative ruling on the second element of Carlisle's fraudulent-concealment argument—due diligence. The Court held that Carlisle never

> explain[ed] what 'due diligence [it] performed' to discover its claims. *Stephens*, 850 So. 2d at 84. Carlisle became aware that Regions was refusing to further fund the loan in 2011. It even discussed possible legal action against Regions with De Leon in 2011 and 2012. *See, e.g.*, De Leon July 20, 2012 email [42-12] at 17 (stating that De Leon intended to pursue suit against Regions). Despite this knowledge, Carlisle did nothing to attempt to discover the reason for that refusal or whether Carlisle had any claims against Regions as a result.

Order [60] at 7–8.

According to Carlisle, this alternative ruling was also in error because there is conflicting evidence about why the funds were denied. *See* Pl.'s Mem. [63] at 8. Carlisle again relies on *Whitaker* in a way it did not before, and the argument is a more precise attempt at establishing this essential element.

Even assuming this is a proper basis for reconsideration, *Whitaker* does not support Carlisle's position. In that case, the court found a question of fact "as to whether the [p]laintiffs used reasonable diligence." *Whitaker*, 32 So. 3d at 437. The *Whitaker* plaintiffs sued for breach of contract in late 2003. Later, during a 2007 deposition, the plaintiffs first learned that the defendants had "fraudulently misrepresent[ed] Limeco's assets." *Id.* at 438. So the *Whitaker* plaintiffs did something when they learned of the breach—they sued the defendants.

9

In contrast, Carlisle's principal, Eric Darling, testified that when he learned that Regions was refusing additional draws, he merely "assumed that Regions [had] a legitimate basis." Pl.'s Mem. [48] at 4 n.8 (citing 30(b)(6) Dep. [47-7] at 23). He did so despite the "undisputed [fact] that Regions did not provide a specific reason or explanation." Pl.'s Mem. [63] at 7. More significantly under Rule 56(c), Carlisle has yet to explain what it did in the years between incurring that injury and the date it filed the present case. *See Norwood v. City of Mendenhall*, 630 F. App'x 245, 249–50 (5th Cir. 2015) (citing *Whitaker* and explaining that plaintiffs alleging fraudulent concealment must come forward with some "evidence in the record of . . . actions taken . . . to discover their claims"). So even assuming the more precise due-diligence arguments are timely, Carlisle has still failed to meet its burden. Regardless, this is an alternative holding because Carlisle has not established a subsequent act of concealment.

IV. Conclusion

The Court has considered all arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, Plaintiff's Motion for Reconsideration [62] is denied.

**SO ORDERED AND ADJUDGED** this the 25th day of September, 2018.

                               s/ *Daniel P. Jordan III*
                               CHIEF UNITED STATES DISTRICT JUDGE